UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

PAUL ALLEN BERNARD,

        Petitioner,

        Case No. 1:25-cv-627

v.

        Honorable Ray Kent

CHRIS KING,

        Respondent.
_____/

### ORDER OF TRANSFER
### TO SIXTH CIRCUIT COURT OF APPEALS

      This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Paul Allen Bernard is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. This is not Petitioner's first habeas corpus action challenging his convictions and sentences. Petitioner has filed two prior petitions. On January 31, 2011, Petitioner, through counsel, filed his first petition for writ of habeas corpus. *Bernard v. McQuiggin*, No. 2:11-cv-38 (W.D. Mich. Jan. 31, 2011). (ECF No. 1). That petition was dismissed on the merits on March 24, 2014. Mem. Order & J., *Bernard v. McQuiggin*, No. 2:11-cv-38 (W.D. Mich. Mar. 24, 2014), (ECF Nos. 53, 54). Petitioner then submitted a *pro se* petition for writ of habeas corpus, postmarked October 13, 2023. *Bernard v. Bauman*, No. 2:23-cv-195 (W.D. Mich. Oct. 13, 2023), (ECF No. 1). Petitioner's 2023 petition was transferred to the Sixth Circuit Court of Appeals as "second or successive." Order, *Bernard v. Bauman*, No. 2:23-cv-195 (W.D. Mich. Nov. 17, 2023), (ECF No. 6).

      The question before the Court is whether Petitioner's instant petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L.

104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b). Under the AEDPA, "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction. . . . But after that, the road gets rockier." *In re Hill*, 81 F.4th 560, 567 (6th Cir. 2023), *cert. denied sub nom. Hill v. Shoop*, 144 S. Ct. 2531 (2024) (quoting *Banister v. Davis*, 590 U.S. 504, 509 (2020)) (internal citation and quotation marks omitted). "For petitions filed after the first one—'second or successive' in the language of § 2244(b)—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

"To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)). However, the district court is responsible to initially determine whether a petition is "second or successive." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012)

"'[N]ot all petitions filed second in time are 'second or successive' and thus subject to the restrictions of § 2244(b)." *In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *cert. denied sub nom. Gutierrez v. Miniard*, 145 S. Ct. 261 (2024) (quoting *In re Hill*, 81 F.4th at 568). However, as the Sixth Circuit recently summarized:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. *In re Hill*, 81 F.4th at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*In re Gutierrez*, 2024 WL 3333932, at *1.

Here, Petitioner's previous habeas action and the claims raised therein were dismissed with prejudice on the merits. Mem. Order & J., *Bernard v. McQuiggin*, No. 2:11-cv-38 (W.D. Mich. Mar. 24, 2014), (ECF Nos. 53, 54). Moreover, Petitioner's present petition does not satisfy any of the three exceptions set forth by the Sixth Circuit. It does not challenge a new state-court judgment.

2

The claims were not "unripe" at the time of the original petition. And the claims were not previously dismissed as unexhausted. Accordingly, the instant petition is second or successive within the meaning of § 2244(b).

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated:   June 16, 2025                          /s/ Ray Kent
                                                Ray Kent
                                                United States Magistrate Judge